IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT S. BONDICK,

Plaintiff,

vs.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

Defendant.

Case No. 6:19-cv-00520-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Robert S. Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, the Complaint (doc. 1) is DISMISSED with leave to amend because plaintiff has not established standing to sue. *See* Fed. R. Civ. P. 12(h)(3) (requiring court to dismiss an action "at any time" if it determines that subject-matter jurisdiction is lacking); *Winston v. Lynch*, 835 F.3d 1083, 1090 n.2 (9th Cir. 2016) (standing is a jurisdictional issue). The Court shall defer ruling on plaintiff's IFP Petition (doc. 2) and Motion for Appointment of Pro Bono Counsel (doc. 3) pending submission of an amended complaint.

Page 1 – OPINION AND ORDER

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff alleges that he "suffered homelessness as a result of a trickle down effect from the Federal Reserve to Real-Estate." Compl. at 4. According to plaintiff "[a] national guideline for regulation of price control for real-estate property management to require a 30% and very seldom 25% ratio of income to the cost is put in place governed ultimately by the three branches of the Federal Reserve System." *Id.* at 6. In other words, plaintiff alleges that a Federal Reserve policy related to real estate has contributed to property management companies' income standards for applicants. Plaintiff asserts that those income standards made it difficult for plaintiff to qualify for housing, even though he received monthly disability payments and had been able to make rent on with those payments for over ten years. *Id.* He further

asserts that the income requirements "are the crucial reason for the two and a half years of homelessness" he experienced and caused him to "fall[] behind on credit cards." *Id.* Finally, plaintiff asserts that, during his period of homelessness, "he got beat up at night." *Id.* Ex. 1 at 1. Plaintiff asks the Court for "a Federal Injunction along with punitive damage and personal injury." *Id.* at 6.

The most fundamental problem with the Complaint is that plaintiff has failed to allege standing. Article III standing is a jurisdictional requirement for any claim filed in federal court. *Wilson v. Lynch*, 835, 5.3d 1083, 1090 & n.2. To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the complaint must contain facts establishing each element of standing. *Id.*

Plaintiff has alleged the following injuries: a two-and-a-half-year period of homelessness, credit card debt, and physical injuries. However, based on the allegations, these injuries are not "fairly traceable" to the Federal Reserve's conduct. Plaintiff alleges that the Federal Reserves' real estate policies contributed to property management companies' income standards, which in turn were the primary causes of plaintiff's homelessness, debt, and physical injuries. There are too many links in that "chain of causation" between the challenged conduct and plaintiff's asserted injuries. *Allen v. Wright*, 468 U.S. 737, 759 (1984). The injuries to plaintiff are "highly indirect" and appear to result "from the independent actions of [multiple]

third part[ies] not before the court," including the property management companies that denied plaintiff's applications and the individuals who beat plaintiff up during the time when he did not have an apartment. *Id.* at 578.

Plaintiff's lack of standing warrants dismissal pursuant to 28 U.S.C. § 1915(e). However, because plaintiff could allege additional facts to remedy this deficiency, plaintiff shall have leave to amend his complaint. In crafting his amended complaint, plaintiff should keep in mind these additional issues with the Complaint.

First, it appears that plaintiff is trying to sue a federal agency, which implicates issues of sovereign immunity. The sovereign immunity doctrine generally "shields the Federal Government and its agencies from suit[,]" unless the government has waived immunity. *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). The party suing the United States bears the burden of identifying an "unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). The Complaint does not identify any basis for a waiver of sovereign immunity for his requests for injunctive relief and damages.

Second, plaintiff cites the Ninth and Tenth Amendments to the United States Constitution as provisions at issue in this case. Compl. at 3. However, he does not provide any facts supporting these legal theories. Instead, the Complaint focuses on "14th Amendment violations of civil rights on public welfare." *Id.* at 6. Additionally, the Ninth Amendment does not independently create judicially-enforceable constitutional rights. *Schowengerdt v. United States*, 944 F.3d, 490 (9th Cir. 1991). The Tenth Amendment concerns the distribution of power between the federal

government and state governments. It is not clear how plaintiff's allegations implicate this right.

Finally, the Fourteenth Amendment applies only to the states and, thus, cannot be grounds for relief against the federal defendants in this case. However, a plaintiff may bring equal protection and due process claims against federal defendants under the Fifth Amendment's Due Process Clause. *See United States v. Windsor*, 570 U.S. 744, 774 (2013) ("The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying any person the equal protection of the laws.").

## CONCLUSION

For the reasons set forth above, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended Complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on plaintiff's IFP petition (doc. 2) and Motion for Appointment of Pro Bono Counsel (doc. 3) until plaintiff files an amended complaint or the time for doing so has expired.

IT IS SO ORDERED.

Dated this 29 day of April 2019.

*[signature]*
ANN AIKEN
United States District Judge