IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT S. BONDICK,

    Plaintiff,

vs.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM, et al.,

    Defendants.

Case No. 6:19-cv-00520-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Robert S. Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2). For the reasons set forth below, the Amended Complaint (doc. 26) is DISMISSED without leave to amend, plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 3) is DENIED, and plaintiff's IFP petition (doc. 2) is GRANTED.

## STANDARDS

When a plaintiff seeks to proceed IFP, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant is also entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured. *Id.*

## DISCUSSION

Plaintiff alleges that defendants contributed to the prolonged period of homelessness that he experienced between 2014 and 2016 and that, during that time, he was assaulted and severely injured while sleeping outdoors in Eugene, Oregon.

Plaintiff initially filed this action against the Board of Governors of the Federal Reserve System on April 9, 2019, along with an IFP petition and Motion for Appointment of Pro Bono Counsel. The Court dismissed the Complaint for lack of standing pursuant to 28 U.S.C. § 1915(e)(2)(B), granted plaintiff leave to amend the complaint by May 29, 2019, and deferred ruling on the IFP petition and motion for appointment of counsel.

Plaintiff filed his Amended Complaint on June 3, 2019.[1] The Amended Complaint alleges that plaintiff is disabled and his sole source of income is Social Security benefits. Plaintiff also alleges that, in February 2014, he "relocated to the California and had to take up shelter in a hotel till he ran out of money each month" and that his "credit rating dropped, leaving it harder for him to find an apartment." Amend. Compl. at 7.

The Amended Complaint reasserts plaintiff's claims against the Board of Governors and also names the Chair of the Board of Governors, the Chair of the Office of the Comptroller of the Currency, and the Chair of the Federal Deposit Insurance Corporation as defendants. The Amended Complaint appears to allege that these defendants' policies and omissions contributed to property management companies' practices and standards that made it difficult for plaintiff to obtain housing, including "the lending practice that allows the governing viability of our fair housing laws, specifically legally discriminating based on an allowable national standard of a minimum monthly income requirements of at least 33-40X percent of the monthly rent," *id.* at 2, and rules "that allow realty company's [sic] to leave apartments vacant," *id.* at 7. Specifically, plaintiff alleges that defendants "allowed continuation of poor lending practices to realty company's [sic] with out proper oversight, leaving the Plaintiff homeless." *Id.* at 8. Plaintiff also alleges that the "real-estate bubble that helped crate [sic] the 2007-2010 financial crisis, could have been slowed down to

---

[1] Because the Amended Complaint was untimely, the Court could dismiss the action without proceeding to the screening inquiry under 28 U.S.C. § 1915(e). But, because, as explained below, that inquiry also points to dismissal, the Court will excuse the timeliness issue and address the allegations in the Amended Complaint.

help fund real-estate and the construction market that comes with it at 8.5 GPD of the stock market." *Id.* at 7.

Once again, plaintiff has failed to allege standing. Article III standing is a jurisdictional requirement for any claim filed in federal court. *Wilson v. Lynch*, 835, 5.3d 1083, 1090 & n.2. To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the complaint must contain facts establishing each element of standing. *Id.*

Like those alleged in the original Complaint, the injuries alleged in the Amended Complaint, including homelessness and physical harm, are not "fairly traceable" to defendants' conduct. The allegations added in the Amended Complaint, which describe the legal framework governing the Federal Reserve and federal financial policy and add further detail to plaintiff's theory of liability, do not cure the fundamental issue identified by this Court's earlier opinion. Plaintiff's injuries remain "highly indirect" and the result of "the independent actions of [multiple] third part[ies] not before the court," including the property management companies that denied plaintiff's rental applications and the individuals who attacked plaintiff. *Allen v. Wright*, 468 U.S. 737, 758 (1984).

In sum, plaintiff has failed to allege standing after the Court provided him with an opportunity to amend. The Court concludes that further amendment would be futile. Accordingly, the Amended Complaint is dismissed without leave to amend.

Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel (doc. 3). Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). To determine whether exceptional circumstances exist, this Court evaluates the plaintiff's likelihood of success on the merits and ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* at 1335-36. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel, as plaintiff is not likely to succeed on the merits. Accordingly, plaintiff's motion is DENIED.

Plaintiff's IFP petition (doc. 1) is GRANTED.

## CONCLUSION

Plaintiff's IFP Petition (doc. 1) is GRANTED, the Amended Compliant (doc. 9) is DISMISSED without service upon the defendants and without leave to amend, and the Motion for Appointment of Pro Bono Counsel (doc. 3) is DENIED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 2nd day of December 2019.

Ann Aiken
United States District Judge